The opinion of the court was delivered by
Rogers, J.
It appears, from the docket of the justice of the peace, that judgment was given against the defendant by default, for seventeen dollars and fifty cents, on the 6th of August, 1825. That on the 26th of August, the defendant by his agent, Barnet Aughenbaugh, made application for an appeal, which was refused on the ground that the defendant must enter into the recognizance in person. That afterwards being convinced of his error, on the 31st of August-, 1825, he entered the appeal, as of the 26th of August, 1S25, when this appeal was demanded.
*422 A party should not be deprived of the trial by jury upon slight ground. In this case, the defendant made his application for the appeal, within twenty days; and it.was by the mistake of the justice, that he was deprived of a re-exarnination of his cause. It is no answer to say, that he has his remedy against the justice, for in some cases the remedy would be worse than the disease. Besides, would it not be hard, not to permit the justice of the peace to avoid the consequences of an action, by the correction of an honest mistake? If the justice of the peace had persisted in his error, a court would have compelled him to permit the appeal; and shall we not allow him to do that voluntarily, which the court, upon a proper application, would have compelled him to do? It is true, that the fourth section of the act of the 2d of March, 1810, requires the appeal to be made within twenty days. The defendant is not within the letter, but he is within the spirit of the act. Within the twenty days he offered to appeal, which was refused by the justice. The default is not his, but the officer of the law. The whole proceeding appears to have been conducted in good faith by the justice, and we think he had a right, in this instance, to correct the mistake, and that the appeal was improperly dismissed.